IN THE SUPREME COURT OF THE STATE OF DELAWARE

JOSE LUIS ALBERTO TERRONES LOPEZ, §
§
§ No. 14, 2023
§
Defendant Below, §
Appellant, § Court Below—Court of Chancery
§ of the State of Delaware
v. §
§ C.A. No: 2022-0408
CENTRAL AMERICAN §
MEZZANINE INFRASTRUCTURE §
FUND L.P. and CAMEX PORT LLC, §
§
Plaintiffs Below, §
Appellees. §

Submitted: March 8, 2023
Decided: March 10, 2023

Before **SEITZ**, Chief Justice; **VALIHURA, VAUGHN, TRAYNOR**, Justices, and **LEGROW**, Judge[1] constituting the Court *en banc*.

## O R D E R

This 10th day of March 2023, after consideration of the parties' briefs, the record on appeal, and the argument of counsel, it appears to the Court that:

1. The Central American Mezzanine Infrastructure Fund ("CAMIF") is an investment fund that focuses on investing in the equity, quasi-equity, and mezzanine debt of infrastructure projects in Latin America. Jose Luis Alberto Terrones Lopez

---

[1] Sitting by designation under Del. Const. art. IV, § 12 and Supreme Court Rules 2(a) and 4(a) to complete the quorum.

("Terrones") is a businessman who operates port terminals and related assets in the State of Tamaulipas, Mexico.

2. MXP Acquisition Company, LLC ("MXP"), is a limited liability company organized and existing under the laws of Delaware. It was formed in late 2010 as part of a joint venture between Terrones and CAMIF.[2] On December 15, 2010, MXP's initial LLC Agreement was amended to add CAMIF as a member and Terrones as its managing member.[3]

3. In 2011, Terrones and CAMIF entered into a series of complex financing transactions that resulted in the company Mexplus Puertos, S.A.P.I. de C.V. ("Mexplus Puertos") being consolidated into a wholly-owned subsidiary of MXP called Latin American Transportation Services, SRPL ("LATS"). On December 31, 2012, CAMIF agreed to extend approximately $17,000,000 in loans, sponsored by Terrones, to Mexplus Puertos and Terminal Maritima de Altamira, S.A. de C.V. ("TMA")—another MXP subsidiary—to fund a turnaround of LATS.

4. As part of the loan transaction, the parties' adopted MXP's Second Amended LLC Agreement ("LLC Agreement"), which includes a provision granting CAMIF the unconditional right to remove and replace Terrones from his role as managing member of the company.[4] CAMIF exercised this right on November 10,

---

[2] App. to Answering Br. at B24–27.
[3] *Id.* at B15–21.
[4] App. to Opening Br. at A100–7.

2

2021,[5] and, when challenged by Terrones, filed suit in the Court of Chancery seeking a declaration under 16 *Del. C.* § 18-110 that its actions were valid.

5.      Terrones moved to stay or dismiss CAMIF's action in deference to an earlier filed action in Mexico.  In turn, CAMIF moved for summary judgment on its complaint, which Terrones contested by arguing, among other things,[6] that the LLC Agreement's removal condition was unconscionable.  The Court of Chancery ultimately denied Terrones' motion to stay or dismiss and granted CAMIF's summary-judgment motion in a December 14, 2022 order, holding, in part, that "it was difficult to conceive of any evidence that further fact-finding would reveal to show that [Terrones] entered into anything more than a contract he now regrets."[7]  Hence, the court declared that Terrones' removal as MXP's managing member was a valid exercise of CAMIF's power under the LLC Agreement.

6.      In this appeal, consideration of which was expedited upon CAMIF's request, Terrones contends that the Court of Chancery erred by concluding that there were no genuine issues of material fact as to the unconscionability of the LLC Agreement.

---

[5] App. to Answering Br. at B11–12.

[6] Terrones also contended that CAMIF's rights under the LLC Agreement had been extinguished upon repayment of the loans.  The Court of Chancery rejected this argument, citing the LLC Agreement's unambiguous grant of removal-and-replacement authority to CAMIF and the corresponding irrelevance of extrinsic evidence.  Terrones has not appealed this ruling.

[7] *Cent. American Mezzanine Infrastructure Fund L.P. v. Jose Luis Alberto Terrones Lopez*, 2022 WL 17717343, at \*7 (Del. Ch. Dec. 14, 2022) ("*December Order*").

7. We agree with the Court of Chancery and affirm its judgment on the basis of and for the reasons stated in its December 14, 2022 order. The court correctly concluded, in our view, that Terrones' unconscionability claim was so facially deficient as to warrant the entry of summary judgment in CAMIF's favor. The operative LLC Agreement, which Terrones executed as a condition of CAMIF's extension of financing to Mexplus Puertos and TMA, granted CAMIF the unconditional right to remove and replace MXP's managing member. On its face, the grant of that authority in connection with a $17 million financing transaction does not "evidence a gross imbalance that shocks the conscience."[8] And we concur in the Court of Chancery's observation that Terrones did not "aver[] to any egregious inequality in bargaining power relative to [CAMIF] that creates the rare occasion on which unconscionability arises."[9]

8. Finally, in neither Terrones' "Unsworn Declaration . . . Made Pursuant to 10 *Del. C.* § 5356"—presumably filed in the Court of Chancery under Ct. Ch. R. 56(e)—nor in his counsel's affidavit filed under Ct. Ch. R. 56(f) is Terrones' unconscionability claim mentioned. This is consistent with the Court of Chancery's conclusion, which we endorse in this Order, that further discovery would not reveal

---

[8] *James v. Nat'l Fin., LLC*, 132 A.3d 799, 815 (Del. Ch. 2016).
[9] *December Order* at *7.

facts precluding the entry of judgment in CAMIF's favor on Terrones' unconscionability claim.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Court of Chancery be AFFIRMED. The mandate shall issue forthwith.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice